T. Paul Kane, J.
Petitioner seeks a judgment pursuant to article 78 of the CPLR to have her teacher’s license validated as a regular teacher of Spanish in the junior high school. A cross motion has been made by respondent Commissioner of Education to dismiss the petition for failure to state facts sufficient to constitute a cause of action (CPLR 7804, subd. [f]).
... Petitioner was licensed as a regular teacher of Spanish in the junior high school of the New York City school system on July 27, 1961 and was notified at that time by the respondent Board of Examiners that she would be required to complete maximum requirements of 30 graduate credits by February 15, 1965 as required by section 332 of article XII of the By-laws of the Board of Education of the City of New York. The petitioner received this license while attending Queens College and thereafter she continued her educational pursuits and teaching profession until January, 1966 when she received a notice from the Board of Examiners that her license was being invalidated for failure to complete the maximum requirements of 30 graduate credits.
On February 14, 1966 she appealed to the Board of Examiners’ Committee on Appeals for a review of the board’s determination, and on June 14, 1966 she received a notice from the committee sustaining the determination of the Board of Examiners. On September 19, 1966, petitioner appealed to the State Commissioner of Education for an order annulling the determination and on July 13, 1967 she was informed that the determination of the Board of Examiners had been sustained and her appeal dismissed.
*896 The petitioner has presented to the court unquestionable evidence of an excellent scholastic record and services to her profession and to the community, and therefore a compelling case. However, it is the conclusion of this court that due to the nature of the matter it is unable to evaluate the case on its merits. The proceeding is an attack upon a decision of the Acting Commissioner of Education and was made in what this court considers to be solely an educational matter. In this field the Commissioner acts in a broader capacity than the courts and pursuant to section 310 of the Education Law his decision is final and conclusive (Matter of Vetere v. Allen, 15 N Y 2d 259). It cannot be concluded that the determination of the Commissioner on the appeal was arbitrary or illegal.
Accordingly, the cross motion to dismiss must be granted dismissing the petition.